UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETA PHONESAVANH SAVATDY, an individual,<br>Plaintiff,<br>v.<br>NEWREZ, LLC, a Delaware limited liability company, dba SHELLPOINT MORTGAGE SERVICING; BANK OF AMERICA, N.A., fka COUNTRYWIDE HOME LOANS, INC., dba AMERICA'S WHOLESALE LENER and DOES 1 through 25, inclusive,<br>Defendants. | Case No.: 26cv2465-GPC(DEB)<br>**ORDER FOLLOWING ORDER TO SHOW CAUSE HEARING** |

On August 6, 2026, the Court issued an order to show cause why the case should not be dismissed for failing to serve under Federal Rule of Civil Procedure ("Rule") 4(m) and for failing to prosecute under S.D. Local Civ. Rule 41.1(a). (Dkt. No. 6.) A hearing was held on August 21, 2026. (Dkt. No. 9.)

On June 25, 2025, Plaintiff Beta Phonesavanh Savatdy ("Plaintiff") filed a complaint against NewRez, LLC ("NewRez") and other individual and corporate

defendants in San Diego Superior Court. (Dkt. No. 1-2 at 3.[1]) On February 18, 2026, Plaintiff filed an amended complaint ("FAC") against NewRez, LLC and Bank of America, N.A. alleging claims under the Fair Debt Collection Practices Act. (*Id.* at 6.) On April 17, 2026, the case was removed to this Court. (Dkt. No. 1, Not. of Removal.) The notice of removal states that Defendant NewRez was served with the first amended complaint on March 20, 2026. (Dkt. No. 1, Not. of Removal ¶ 2.) Plaintiff admits that Bank of America has not been served. (Dkt. No. 8, Shemwell Decl. ¶ 16.) The last docket activity was an order to substitute defense counsel on May 5, 2026.

On August 17, 2026, in response to the OSC, Plaintiff's counsel filed a declaration stating that he has been communicating with NewRez' counsel about the merits of the case and they have exchanged multiple settlement proposals with the most recent on August 14, 2026.[2] (Dkt. No. 8, Shemwell Decl. ¶¶ 7, 9-13.) However, counsel have not explained the failure to comply with the Rules.

The Rules govern the procedure in all civil actions in federal district court. Fed. R. Civ. P. 1. They provide specific, required deadlines for service of the summons and complaint and when and how a defendant must respond to the complaint. *See* Fed. R. Civ. P. 4, 12. Deadlines in the Rules are not automatically paused while parties engage in settlement discussions. In fact, the Rules provide a procedure if a party seeks to extend time. *See* Fed. R. Civ. P. 6(b); 4(m).

Rule 4(m) provides that a defendant must be served within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m). A defendant must also serve a responsive

---

[1] Page numbers are based on the CM/ECF pagination.

[2] Both parties also filed a joint status report pursuant to Rule 26(f) laying out proposed pretrial and discovery-related deadlines. (Dkt. No. 7.) However, Rule 26(f) joint status report is not appropriate at this time since a Rule 26(f) conference is held after an answer has been filed and an early neutral evaluation conference with the Magistrate Judge. *See Zappia v. World Sav. Bank FSB*, Civil No. 14cv1428–WQH (DHB), 2015 WL 1608921, at *2 (S.D. Cal. Apr. 10, 2015) ("In this district, the Rule 26(f) conference is typically held after an Answer has been filed and after an Early Neutral Evaluation Conference has been held.").

pleading within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1).

Here, Plaintiff has not timely served Bank of America and Defendant has failed to timely respond to the FAC. At the hearing, Plaintiff's counsel stated he will serve Bank of America by Monday, August 24, 2026 and defense counsel indicated that he intends to file a motion to dismiss if the case does not settle. After discussing the issues with the parties at the hearing, the Court ORDERED the following at the hearing:

**1.** Plaintiff is granted leave to serve Defendant Bank of America, N.A. no later than **Monday, August 24, 2026.**

2. The parties are directed to contact Magistrate Judge Butcher's chambers to set up a status conference to discuss settlement. In the event the case does not settle, Defendant is granted to leave to file a responsive pleading within 30 days of status conference.

IT IS SO ORDERED.

Dated: August 25, 2026

Hon. Gonzalo P. Curiel
United States District Judge